# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 15, 2010

No. 09-10743

Lyle W. Cayce
Clerk

MARK ALLEN WOOD,

Petitioner - Appellant

v.

RICK THALER, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent - Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:08-cv-02283-N

Before BARKSDALE, DENNIS, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Mark Allen Wood appeals the denial of his habeas petition pursuant to 28 U.S.C. § 2254. He argues that Texas's classification of his 1973 conviction for "murder with malice, aforethought" as a "capital felony," leading him to be subjected to new parole review procedures, violates the Ex Post Facto Clause of Article 1, Section 10 of the Constitution. The district court stated that this claim was unexhausted. We need not pass upon that issue, as we deny Wood's claim

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

on the merits. 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."). In *Wallace v. Quarterman*, 516 F.3d 351 (5th Cir. 2008), this court considered whether a § 2254 habeas petitioner had established that the same changes in Texas's parole procedures violate the Ex Post Facto Clause. We held that the changes do "not alone show a significant risk of increased confinement," and therefore such a petitioner must present facts demonstrating that the "law produces a 'sufficient risk' of increased confinement" in his case, in order to establish an ex post facto violation warranting habeas relief. *Id.* at 356 (quoting *Cal. Dep't of Corr. v. Morales*, 514 U.S. 499, 509 (1995)). Wood presents no such facts. Instead, Wood attempts to distinguish *Wallace*. He argues that *Wallace* only held that Texas's changes to its parole review procedures did not constitute an ex post facto violation by "increas[ing] the punishment for criminal acts," and instead he claims that Texas committed a distinct ex post facto violation, subjecting him to the new parole procedures through "retroactively alter[ing] the definition of [his] crime[]." *Id.* at 354 (quoting *Collins v. Youngblood,* 497 U.S. 37, 43 (1990)) (internal quotation marks omitted). Wood's argument is unavailing. To successfully raise an ex post facto challenge contending that the state has "retroactively altered the definition" of an offense, one must allege that the state has "creat[ed] . . . a [new, retroactive] crime or penalty." *Collins,* 497 U.S. at 44 (quoting *Calder v. Bull*, 3 U.S. (3 Dall.) 386, 397 (1798)) (internal quotation marks omitted). Wood instead complains that the state has erroneously classified his offense as a "capital felony" leading him to be subjected to new parole procedures that have increased his period of incarceration. Thus, *Wallace* governs this case; accordingly, we AFFIRM.